IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BRIDGEWELL RESOURCES LLC,** *an Oregon limited liability company*,<br><br>    Plaintiff,<br><br>    v.<br><br>**TANAMERA CONSTRUCTION, LLC,** *a Nevada limited liability company*,<br><br>    Defendant. | Case No. 3:20-cv-518-YY<br><br>**OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on June 1, 2021. ECF 28. Judge You recommended that this Court deny Defendant Tanamera Construction, LLC's (Tanamera) Motion to Dismiss for Lack of Personal Jurisdiction (ECF 6) Plaintiff Bridgewell Resources LLC (Bridgewell)'s Complaint.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files an objection to a magistrate judge's findings and recommendations,

PAGE 1 – OPINION AND ORDER

"the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Tanamera entered a contract with Bridgewell that included a forum selection clause conferring personal jurisdiction over Tanamera on the state and federal courts of Oregon. Before Judge You, Tanamera argued that the Court lacked personal jurisdiction both because the forum selection clause was not a part of the contract between Tanamera and Bridgewell and because the clause is void under Nevada law. Judge You rejected both arguments. Tanamera objects only to the portion of Judge You's recommendation finding that the forum selection clause is not void under Nevada law.

Tanamera relies on Nevada Revised Statute § 108.2453(2)(d), which provides that any provision requiring litigation outside of Nevada in a "a contract or other agreement for the improvement of property or for the construction, alteration or repair of a work of improvement . .

PAGE 2 – OPINION AND ORDER

. is contrary to public policy and is void and unenforceable." Judge You found that § 108.2453(2)(d) did not apply to Tanamera's agreement with Bridgewell because that agreement was for building materials, not "improvement of property" or "the construction, alteration or repair of a work of improvement." The Court agrees with Judge You's conclusion and reasoning.

Tanamera argues that Judge You did not consider that § 108.2453(2)(d) is a remedial statute that must be "liberally construed." Judge You, however, expressly stated that the statute is "remedial in character and should be liberally construed." Findings & Recommendation (ECF 28) at 35 (quoting *Lehrer McGovern Bovis, Inc. v. Bullock Insulation, Inc.*, 124 Nev. 1102, 1115 (2008). Judge You found, however, that even liberally construed, the statute—which, again, governs only contracts for improvements to property or construction, alterations, or repairs to a work of improvement—does not apply to Tanamera's contract with Bridgewell for materials.

Tanamera also argues that the legislative history does not support Judge You's interpretation. Under Nevada law, however, a court looks to legislative history only if the statue is ambiguous. *See State v. Lucero*, 127 Nev. 92, 95-96 (2011). Here, the statute unambiguously does not cover Tanamera's contract with Bridgewell. In addition, Tanamera's legislative history is not persuasive. Tanamera relies on statements from lobbyists to support its proffered interpretation of § 108.2453(2)(d), but Courts should be wary of purported legislative history amounting to statements of "unelected . . . lobbyists" who may be seeking "to secure results they were unable to achieve through the statutory text." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 568 (2005).

PAGE 3 – OPINION AND ORDER

Alternatively, Tanamera asks that, if the Court is not convinced of Tanamera's proffered interpretation, the Court certify a question about the statute's scope to the Nevada Supreme Court. Because the Court finds that the statute unambiguously does not apply to Tanamera's contract with Bridgewell, the Court declines to certify a question to the Nevada Supreme Court.

The Court ADOPTS Judge You's Findings & Recommendation (ECF 28). The Court DENIES Tanamera's Motion to Dismiss for Lack of Personal Jurisdiction (ECF 6). The Court further DENIES Tanamera's request that the Court certify a question to the Nevada Supreme Court.

**IT IS SO ORDERED.**

DATED this 29th day of July, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 4 – OPINION AND ORDER